IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jon Q. Wright d/b/a JQ Licensing Inc.<br><br>      Plaintiff,<br><br>vs.<br><br>The Marvelous Fish House and Market, Design Angler, Marvin Hanson, Randy Syverson, Mitch Blessing, **Ross Lewis Sign Company, Inc., Ross Lewis,** ABC Corporations 1-10, and John Does 1-10,<br><br>      Defendants. | Civil File No. 13-CV-0220-ADM-LIB<br><br>**(Jury Trial Requested)** |

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

  Plaintiff Jon Q. Wright d/b/a JQ Licensing, Inc., hereby brings this action to recover damages, expenses, and attorney fees arising from the willful infringement by defendants The Marvelous Fish House and Market, Design Angler, Marvin Hanson, Randy Syverson, Mitch Blessing, **Ross Lewis Sign Company, Inc., Ross Lewis,** ABC Corporations 1-10, and John Does 1-10 (collectively "Defendants"), of Plaintiff's registered copyright on a valuable illustration and to obtain injunctive relief against Defendants to cease and desist from their infringement and to prevent any further unlawful copying and infringement of Plaintiff's copyright.  Plaintiff alleges on personal knowledge as to all facts known to it, and on information and belief as to all other facts after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

1. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq. as amended).

2. Defendants unlawfully reproduced and displayed Plaintiff's Walleye Green Lure illustration within Defendants logo which displayed on advertising material such as billboards, menus, car wraps, signs, and various other mechanisms as well as printed on gifts and apparel sold to consumers without obtaining any authorization or permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. §501.

## PARTIES

3. Plaintiff Jon Q. Wright d/b/a JQ Licensing (hereinafter "JQ") is a resident of Minnesota, and at all times material to this Complaint, operated from within the State of Minnesota.

4. JQ Licensing Inc. is a corporation that is an art licensing company who supplies commercial art design services, namely supplying licensed digital art, flat artwork and paintings; and designing commercial art products with reproductions of the licensed digital art, flat artwork and paintings.

5. Jon Q. Wright, the individual d/b/a JQ Licensing, is the author of several fish designs, specifically the Walleye Green Lure illustration that is at issue here and which Plaintiff has registered with the Copyright Office of the United States under registration number VAu1-021-822 issued July 10, 2009 (hereafter "Work"). Jon Q. Wright is the sole owner of the copyrighted Work and for all claims for infringement appurtenant thereto as he holds the exclusive, unlimited rights to use the federally registered copyright for the Work. A copy of the Copyright Registration and Work is attached hereto as Exhibit A.

6. Defendant, The Marvelous Fish House and Market ("Fish House") upon information and belief is a business organized under the laws of the State of Minnesota with offices within this judicial district and its principal place of business at 801 Washington Avenue South, Bemidji, Minnesota. Fish House is a restaurant and market serving food and products from Red Lake Nation Foods and Red Lake Fisheries.

7. Defendant, Design Angler upon information and belief is a corporation organized under the laws of the State of Minnesota with offices within this judicial district and its principal place of business at 117 5th Street NW, Bemidji, Minnesota.  Design Angler is a digital design agency that provides print design, logo and branding, website design and hosting, large format design, and video production.

8. **Defendant, Ross Lewis Sign Company, Inc. upon information and belief is a corporation organized under the laws of the State of Minnesota with offices within this judicial district and its principal place of business at 2201 Bardwell Drive NW, Bemidji, Minnesota.  Ross Lewis Sign Company, Inc. is a sign company who offers logo creation, modification services, graphic design, computer design and digital printing related to sign products such as digital message centers, banner and trade show displays, interior and exterior displays, and LED signs.**

9. Defendant, Marvin Hanson resides in Minnesota in this judicial district and upon information and belief is the President and a Shareholder of Fish House.  Defendant Marvin Hanson had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

10. Defendant, Randy Syverson resides in Minnesota in this judicial district and upon information and belief is the Owner and a Shareholder of Design Angler.  Defendant Randy Syverson had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

11. Defendant, Mitch Blessing resides in Minnesota in this judicial district and upon information and belief is the Co-Owner and a Shareholder of Design Angler.  Defendant Mitch Blessing had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

12. **Defendant, Ross Lewis resides in Minnesota in this judicial district and upon information and belief is the Owner, President and Chief Executive Officer of Ross Lewis Sign Company, Inc. Defendant Ross Lewis had the right and ability to direct or control the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.**

13. Defendants ABC Corporations 1-10 and John Does 1-10 are individuals and entities that have controlled or contributed to the wrongful conduct alleged in this Complaint and derived financial benefit from that wrongful conduct.

## JURISDICTION

14. This Court has subject matter jurisdiction over Plaintiff's claims for unauthorized use and copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq.) and pursuant to 28 U.S.C. §§ 1331 and 1338.

## VENUE

15. Venue is based upon 28 U.S.C. § 1391 as the judicial district in which all of the Parties "reside" within the meaning of § 1391(c) and § 1391(b)(2) as a district in which a substantial part of the events or omissions giving rise to the claim occurred, and in which a substantial part of the property that is the subject of the action is situated. § 1400(a) is the district in which the parties may be found in an action under the copyright laws.

## FACTS COMMON TO ALL CLAIMS

16. Plaintiff owns the copyright to the Walleye Green Lure illustration. *See* Exhibit A.

17. Sometime in 2012, after Plaintiff registered the Work, Defendants designed and manufactured a logo that unlawfully reproduced and displayed Plaintiff's Work on various modes of advertising that consist of billboards, fence wraps, vehicle warps, menus, business cards and stationary, signs and signage, websites and social media such as Facebook and YouTube, and printed on gifts and apparel sold to consumers, wherein

Plaintiff's Work is prominently displayed within the logo that was designed and printed by Defendants. A copy of the Defendants Use is attached hereto as Exhibit B.

18. The logo used by Defendants in association with the above advertising mechanisms can best be described as the phrase "The Marvelous Fish House & Market" set in a banner with a royal blue circle behind the banner and aqua colored waves contained within the royal blue circle. Plaintiff's Work is prominently positioned at the end of the word "House" with the lure overlapping "House". *See* Exhibit B.

19. In 2012 and continuing to date, Defendants also unlawfully reproduced and displayed the Fish House logo on Defendant's website, www.themarvelousfishhouse.com, and social media sites including Facebook and YouTube. *See* Exhibit B.

20. Plaintiff's Work is a copyrighted illustration belonging to Jon Q. Wright d/b/a JQ Licensing, Inc. that Defendant had direct access to and copied.

21. Defendants have distributed to customers advertising materials, printed apparel and gifts, and displayed the logo that contains the Work that Defendants unlawfully copied from Plaintiff.

22. Defendants did not obtain authorization or permission from Plaintiff, to use, copy, display, and distribute the Work in connection with the logo that is being used across a wide array of material to attract customers.

23. In June 2013, Plaintiff contacted the Defendants and discussed the use of the Work and how it was obtained. Additionally, a formal cease and desist notice was sent to Defendants Fish House and Marvin Hanson, delivered by certified and regular mail, as well as email, concerning the unauthorized use and copyright infringement of the federally registered illustration owned by Plaintiff. Such notice demanded that these Defendants cease and desist from all unauthorized use of the copyrighted Work and pay

24. the licensing fees incurred by such use, as well as attorney fees, incurred by Plaintiff protecting his copyright.

24. Despite receiving Plaintiff's formal notice to cease and desist from their infringement, as well as telephone communication with the Defendants advising of the infringement, regarding Plaintiff's registered Work, the Defendants continue their infringing use of Plaintiff's copyrighted Work by continuing to produce, display and distribute material containing the logo as well as continue to display the logo on Fish House's website.

25. **Upon being served with the Summons and Complaint, Defendants Fish House and Marvin Hanson continue to display the Work within its logo on its website, www.themarvelousfishhouse.com, on social media, on advertising material as well as distributing products that contain the infringing logo that incorporate the Work.** *See* **Exhibit C.**

26. Defendants have refused to pay the damages sustained by Plaintiff resulting from Defendants unlawful use and willful copyright infringement, including Plaintiff's attorney fees.

## COUNT I

### (COPYRIGHT INFRINGEMENT – 17 U.S.C. §501, ET. SEQ.)

27. Paragraphs 1 through 23 above are incorporated herein.

28. Plaintiff is the sole owner of the Work.

29. Defendants have infringed the Work by copying from Plaintiff and displaying it on various modes of advertising that consist of billboards, fence wraps, vehicle wraps, menus, business cards and stationary, signs and signage, and gifts and apparel as well as websites and social media such as Facebook and YouTube. *See* Exhibit B.

30. Defendants began displaying the copyrighted Work copied from Plaintiff as early as 2012, and after Plaintiff registered the Work.

31. The logo that contains a walleye and is displayed on various modes of advertising that consist of billboards, fence wraps, vehicle warps, menus, business cards and stationary, signs and signage, and gifts and apparel as well its website and social media is strikingly similar and substantially similar to the Plaintiff's Work and was copied from Plaintiff's Work.

32. Plaintiff has not authorized the copying of Plaintiff's Work or the distribution of any unauthorized copies of Plaintiff's Work by Defendants in any format or otherwise.

33. The Defendants creation, publication, display and use of the logo upon Defendants various modes of advertising and website, as well as gifts and apparel, has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the copyrighted Work.

34. The Defendants knew or should have known that Plaintiff's permission was required to make and distribute copies of Plaintiff's Work, and the various modes of advertising comprises Plaintiff's Work.

35. The Defendants intentionally, wantonly, and/or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's Work, when creating or causing the creation of, and/or distributing Defendants logo.

36. Plaintiff, through counsel, has requested of Defendants to cease infringing activities described above and to account for sales of the Defendants various modes of advertising and sales, but Defendants expressly refused to provide an accounting and have expressly refused to cease production and display of Defendant's logo.

37. Defendants continued use of the logo in various forms of advertisement and apparel after notice to cease and desist shows willfulness of their copyright infringement.

38. **Defendants Fish House and Marvin Hanson continued to display the logo in various form on its website, in advertisement and apparel after served with the Summons and Complaint showing willfulness of their copyright infringement.**

39. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. 17 U.S.C. §501.

40. Defendants have profited from the infringing activities described above.

41. Defendants' infringement of Plaintiff's copyrighted Work has directly and proximately caused Plaintiff monetary damages including lost sales, in an amount thus far not determined, and subject to proof at trial.

42. Plaintiff has lost profits as a result of Defendants infringement, in an amount thus far not determined and subject to proof at trial.

43. Defendants have realized profits from the sale and use of the logo by Defendants in an amount unknown and subject to proof at trial.

44. Plaintiff is entitled to recover actual damages for its licensing fees and royalties for the Work under 17 U.S.C. §504(b).

45. In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' unauthorized use and copyright infringement of Plaintiff's registered Work.

46. Defendants' infringement has been willful within the meaning of the Copyright Act and damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

47. Plaintiff is also entitled to recover its costs and attorney fees incurred in suit under 17 U.S.C. §505.

## JURY DEMAND

48. Plaintiff Jon Q. Wright d/b/a JQ Licensing Inc. hereby demands a jury trial for all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court enter a judgment against Defendants setting forth that:

a. Defendants have willfully infringed Plaintiff's federally registered copyright under 17 U.S.C. §501.

b. Defendants have otherwise injured the business reputation and business of Plaintiff by their acts and conduct set forth in this Complaint.

2. Defendants shall pay Plaintiff's actual damages and profits pursuant to 17 U.S.C. §504(a)(1), 17 U.S.C. §504(b), and Fed. R. Civ. P. 54, or statutory damages under 17 U.S.C. §504(c)(1), and enhanced statutory damages under 17 U.S.C. §504(c)(2) for the willful infringement of Plaintiff's copyrighted Work.

3. Enjoining Defendants from infringing Plaintiff's copyright, pursuant to 17 U.S.C. §502(a), Fed. R. Civ. P. 65(d), and the equitable powers of this Court.

4. Impounding all material that bears infringing copies of Plaintiff's copyrighted Work in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all material that contains the logo, pursuant to 17 U.S.C. §503(b).

5. Awarding Plaintiff for the costs of this action and the reasonable attorney fees and expenses incurred in prosecuting this action pursuant to 17 U.S.C. §505.

6. Providing for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**PATTERSON THUENTE PEDERSEN, PA.**
**CLEMENTE MUELLER, P.A.**
*ATTORNEYS FOR PLAINTIFF*

Date: September 11, 2013

By:   */s/ Jessie Christine Basner*

| | |
|---|---|
| Jessie Christine Basner (*admitted pro hac vice*) | Aaron W. Davis (#318,255) |
| Clemente Mueller, PA | 4800 IDS Center |
| P.O. Box 218 | 80 South Eighth Street |
| Morristown, NJ 07962-1296 | Minneapolis, MN  55402-2100 |
| Telephone: (973) 455-8008 | Telephone: (612) 349-5740 |
| Facsimile: (973) 455-8118 | Facsimile: (612) 349-9266 |